IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL REYES MIRABAL, | ) | No. C 08-4038 MMC (PR) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | ) ) | **(Docket No. 4)** |
| ROBERT AYERS, Warden, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

On August 25, 2008, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the reversal, by Governor Arnold Schwarzenegger ("Governor"), of a grant of parole by the California Board of Parole Hearings ("Board"). After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Alternatively, respondent argues the petition is moot. Petitioner has not filed an opposition, although he was informed in the Order to Show Cause of his option to do so.

**BACKGROUND**

In 1981, in the Superior Court of Los Angeles County ("Superior Court"), petitioner

pleaded guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison. In December 2005, the Board found petitioner suitable for parole and set a release date. On May 26, 2006, the Governor reversed the grant of parole. (Respondent's Motion to Dismiss ("Mot.") Ex. 1.)

On September 11, 2006, petitioner filed in the Superior Court a habeas petition challenging the Governor's decision. (Mot. Ex. 2.) On May 1, 2007, the Superior Court's order denying the petition was filed, and notice of the denial was sent to petitioner's counsel that same date. (Mot. Ex. 3 (Order Re: Writ of Habeas Corpus) at 2.)

On September 11, 2007, petitioner filed in the California Court of Appeal a habeas petition challenging the Governor's decision. (Mot. Ex. 4.) On December 13, 2007, the Court of Appeal's order denying the petition was filed. (Mot. Ex. 5.)

On December 24, 2007, petitioner filed a petition for review in the California Supreme Court. (Mot. Ex. 6.) On February 27, 2008, the California Supreme Court's order denying review was filed. (Mot. Ex. 7.)

On August 19, 2008, petitioner delivered the instant petition to prison officials for mailing. (See Pet. (Docket No.1) at 47 (copy of envelope used to mail petition).) The petition was filed in this court on August 25, 2008. (Id.)

Petitioner claims the Governor's reversal of the Board's decision to grant parole violated petitioner's federal constitutional right to due process because the Governor's determination that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, and the Governor relied solely on the circumstances of the commitment offense to justify the denial of parole.

**DISCUSSION**

A. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a state court, "even if the petition challenges a pertinent administrative decision rather than a state court judgment." See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Such administrative decisions include decisions denying parole. See Redd v. McGrath, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming without deciding that one-year statute of limitations applies to decision denying parole.) Further, of the four possible starting dates for the one-year limitations period set forth at 28 U.S.C. § 2244(d)(1), the date set forth under sub-paragraph D is the date applicable to a petition challenging a decision denying parole. See id. at 1082.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run one day after the date the petitioner could have discovered the "factual predicate" of his federal habeas corpus claim. See id.[1] "[T]he date of the 'factual predicate' . . . . is determined independently of the exhaustion requirement by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." Id. The petitioner learns of the factual basis of that claim at the time the decision becomes final. See id. at 1079 (holding limitations period began to run when Board of Prison Terms denied

---

[1] The one-year period is calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6, the day of the event that triggers the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

3

prisoner's administrative appeal challenging decision denying parole). Here, the administrative decision at issue – the Governor's May 26, 2006 decision reversing the grant of parole – became final when issued, because there are no provisions for further administrative review. See Cal. Const., art. V, § 8(b) (describing governor's parole authority and applicable procedures). Consequently, as the record shows that a letter informing petitioner of the Governor's decision was sent to petitioner on the same date the decision became final (Mot. Ex. 1), and petitioner does not contend in the instant petition that he did not receive timely notice of said decision, the Court finds petitioner learned of the factual predicate of his claims on May 26, 2006, and the presumptive filing date for petitioner's federal habeas petition was one year later, May 26, 2007. As the instant petition was not delivered to prison officials for mailing until August 19, 2008, the petition, absent statutory or equitable tolling, is untimely.[2]

B. Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Redd, 343 F.3d at 1084 (holding prisoner challenging administrative decision receives statutory tolling for period during which state habeas petition pending). The statute of limitations is not tolled, however, during the time between the date on which the relevant final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral challenge is filed. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, in the instant case, the statute began to run on May 27, 2006, the day after the Governor's decision became final, and continued to run for 107 days, until petitioner filed a state habeas petition in the

---

[2] Respondent concedes that, under the mailbox rule, a pro se prisoner's legal papers are deemed filed on the date they were delivered to prison officials for mailing, as opposed to the date of receipt by the court clerk. See Houston v. Lack, 487 U.S. 266, 276 (1988); see also Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding pro se prisoner's federal habeas petition deemed filed when prisoner delivers petition to prison authorities for mailing).

4

Superior Court on September 11, 2006.

Ordinarily, the one-year limitations period is tolled under § 2244(d)(2) from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. Carey v. Saffold, 536 U.S. 214, 219-20 (2006). Consequently, in the instant case, the limitations period would be tolled continuously from September 11, 2006, the date on which petitioner filed his first state habeas petition in the Superior Court, until February 7, 2008, the date on which the Supreme Court denied his petition for review. Respondent argues, however, that petitioner is not entitled to such continuous tolling of the limitations period because petitioner unreasonably delayed in filing his state habeas petition in the Court of Appeal. The Court next reviews petitioner's state habeas petitions in order to determine whether statutory tolling is available for each of the time periods during which those petitions were pending in state court.

As noted above, on September 11, 2006, petitioner filed a state habeas petition in the Superior Court, and on May 1, 2007, the Superior Court denied the petition. Respondent does not dispute that the limitations period was tolled continuously for the entire time such petition was pending in the Superior Court. Respondent argues, however, that petitioner is not entitled to statutory tolling for the 133 days that elapsed between the denial of the petition by the Superior Court and the filing of petitioner's petition in the Court of Appeal on September 11, 2007, based on unreasonable delay in the filing of the latter petition.

In Evans v. Chavis, 546 U.S. 189 (2006), the United States Supreme Court clarified that "only a *timely* appeal" tolls the one-year statute of limitations, and "in California, 'unreasonable' delays are not timely." Id. at 197.[3] Where there is no clear indication from the state court as to whether a petition was timely under California law, the federal court must itself examine the delay and determine whether the petition was filed within what

---

[3] In so doing, Evans reiterated the holding of Carey v. Saffold, 536 U.S. 214 (2002), that the requirement that an appeal be filed without unreasonable delay applies, by analogy, to the filing of petitions for appellate review under California's collateral review process, wherein a state prisoner may seek review of an adverse lower court decision by filing an original petition rather than a notice of appeal. Id. at 192-93.

California would consider a reasonable period of time. Id. at 197-98. Even when a California state habeas petition is denied on the merits, the federal court must determine whether the petition was timely, if the issue of timeliness was not expressly addressed by the state court. Id.

Here, the Court of Appeal denied petitioner's habeas petition summarily, without expressly addressing the issue of timeliness. Under such circumstances, this Court must apply Chavis and determine whether the petition was filed within what California would consider a reasonable period of time. See id. at 197 ("If the appearance of the words 'on the merits' [in a California state court decision denying habeas relief] does not automatically warrant a holding that the filing was timely, the absence of those words could not automatically warrant a holding that the filing was timely.")

In Chavis, there was an unexplained six-month delay between the denial of the petitioner's state habeas petition in the California Court of Appeal and the filing of his subsequent petition in the California Supreme Court. Chavis found the delay unreasonable, holding as follows:

> Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable. Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in [Carey v. Saffold].

Id. at 201 (internal quotations and citations omitted).

Chavis thus made clear that, in California, an unjustified delay of six months, or 180 days, is presumptively unreasonable. Here, the length of delay was 133 days. The Ninth Circuit has not addressed the applicability of Chavis to a period of delay of less than six months. See Waldrip v. Hall, 548 F.3d 729, 735-36 (9th Cir. 2008) (finding no statutory tolling for unexplained period of delay of eight months between filings of California habeas petitions); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no statutory tolling for unexplained periods of delay of at least ten months between filings of

California habeas petitions). District courts in California, however, have found filing delays unreasonable where such delays were similar or shorter in length than the delay herein, and no adequate justification was provided. See, e.g., Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding 97-day and 71-day delays unreasonable); Staffiero v. Clark, 2009 WL 3748499, at * 4 (E.D. Cal. Nov. 5, 2009) (finding 91-day delay unreasonable); Cordeiro v. Hernandez, 2009 WL 1153272, at *5 (S.D. Cal. Jan. 20, 2009) (finding 85-day delay unreasonable); Lyman v. Scribner, 2009 WL 4857603, at *4 (N.D. Cal. Nov. 10, 2008) (finding 82-day and 88-day delays unreasonable).

Applying herein the guidelines set forth in Chavis, the Court finds a filing delay of 133 days is "substantially longer" than the 30 to 60 days allowed in states with statutorily prescribed filing deadlines, see Chavis, 546 U.S. at 200, and that, absent justification, California would consider such delay unreasonable. As noted, petitioner has offered no justification for the delay, and none is apparent from the record. Significantly, the petition filed in the Superior Court was prepared by counsel, who also filed the petition in the Court of Appeal.

Given the above-described circumstances and relevant authority, the Court finds the 133-day delay at issue herein was both unreasonable and unjustified. Accordingly, petitioner is not entitled to statutory tolling for that period. Petitioner is entitled, however, to statutory tolling for the 169 days that elapsed between the filing of the petition in the Court of Appeal on September 11, 2007, and the denial of the petition for review by the Supreme Court on February 27, 2008. Consequently, on February 28, 2008, the day after the Supreme Court's denial, the statute of limitations began to run, and it continued to do so until petitioner delivered the instant petition to prison officials 174 days later, on August 19, 2008.

In sum, by the time petitioner filed his federal habeas petition, the following periods of time had run against the statute of limitations: (1) 107 days before the filing of petitioner's Superior Court petition on September 11, 2006; (2) 133 days between the Superior Court's May 1, 2007 decision and the filing of the petition in the Court of Appeal on September 11, 2007; and (3) 174 days between the Supreme Court's denial of the petition for review on

7

February 27, 2008 and the filing of the instant petition on August 25, 2008. In total, 414 days elapsed from the date on which the Governor's decision to reverse the grant of parole became final and the date on which petitioner filed the instant federal habeas petition. As this number of days exceeds the one-year limitations period, the petition is untimely, unless petitioner can show he is entitled to equitable tolling.

C.  Equitable Tolling

The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to [the one-year] statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). The Ninth Circuit has held, however, that the one-year limitations period may be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Specifically, the prisoner must show that the extraordinary circumstances were the cause of his untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is justified in few cases, as the threshold necessary to trigger such tolling is very high. Id. The petitioner bears the burden of showing that he is entitled to equitable tolling, and the determination as to whether such tolling applies is a fact-specific inquiry. Id.

Here, petitioner has not argued that he is entitled to equitable tolling, and no grounds for such tolling are apparent from the record that has been developed in this matter. Accordingly, the Court finds petitioner is not entitled to equitable tolling of the one-year limitations period.

Based on the above, the Court concludes the petition is untimely, and respondent's

motion to dismiss will be granted.[4]

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: February 2, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] As the petition will be dismissed as untimely, the Court does not reach respondent's alternative argument that the petition should be dismissed as moot.